IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KELLI J. JACK and G. RICHARD JACK,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION,<br>　　　　　　　　Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:11-cv-567<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

　　　　This case has been referred to Magistrate Judge Brooke C. Wells by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the Court is Defendant Federal Deposit Insurance Corporation's ("FDIC") Motion to Dismiss for Lack of Prosecution ("Motion").[2] As of the date of this Report & Recommendation, Plaintiffs have not filed an opposition to this Motion and the time for filing any such opposition has passed.

　　　　This Court has carefully reviewed the motion and memoranda submitted by the FDIC in relation to this Motion. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the Motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.[3]

## BACKGROUND

　　　　This case was transferred from the United States District Court for the Southern District of Indiana on June 20, 2011.[4] Prior to this transfer, Magistrate Judge Debra McVicker Lynch issued an "Entry and Order from Pretrial Conference" which directed Plaintiffs to, among other

---

[1] Docket no. 5.

[2] Docket no. 12.

[3] See DUCivR 7-1(f).

[4] Docket no. 1.

things, "file an amended complaint that sets out the allegations of the complaint and the legal bases of [plaintiff Kelli F. Jack's] claims."[5] An amended complaint has not been filed in this Court and Plaintiffs have taken no action in this case since this case was transferred to the District of Utah.

## ANALYSIS

There has been no opposition to this Motion from Plaintiffs filed with this Court. Pursuant to Rule 7-1(d) of the United States District Court for the District of Utah Rules of Practice which states "[f]ailure to respond timely to a motion may result in the court's granting the motion without further notice[]" the Court could grant the FDIC's Motion based solely upon this rule. However, Rule 41(b) of the Federal Rules of Civil Procedure provides that "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[6]

Here, it is clear that the Plaintiffs have failed to prosecute this case and follow a court's orders. They have not filed any opposition memorandum nor taken any action on this case since its removal in 2011. Plaintiffs have also violated Magistrate Judge Debra McVicker's Lynch's "Entry and Order for Pretrial Conference" directing Plaintiffs to file an Amended Complaint— which they have failed to do.[7] Moreover, Motions for Default as to the FDIC's First Amended Counterclaims were granted and default certificate was issued on October 5, 2012.[8] Therefore, because of the non-activity and lack of prosecution of this case by the Plaintiffs, it is

---

[5] Docket no. 3, #4.

[6] Fed. R. Civ. P. 41(b).

[7] Docket no. 3, #4.

[8] Docket nos. 8-11.

2

recommended that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this case be dismissed with prejudice.

## CONCLUSION & RECOMMENDATION

In summary, based upon a review of the Motion, Memoranda and procedural history of this case, I recommend that the Court **GRANT** Defendant's Motion to Dismiss for Lack of Prosecution and **DISMISS** Plaintiffs' Complaint with prejudice.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[9]   A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

DATED this 21st day of December, 2012.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[9] See 28 U.S.C. §636(b)(1); Fed. R.Civ.P.72(b).

3